## Anderson's Administrator v. Pendleton.

(Decided February 13, 1923.)

### Appeal from Lincoln Circuit Court.

1. Work and Labor—Services—Care and Nursing of Sick—Burden of Proof.—The burden is upon one claiming compensation for extraordinary services performed by nursing and waiting upon a sick

person, to show by clear and convincing evidence that the original employment to keep house, do the cooking and washing for a stipulated weekly wage do not include the alleged extraordinary services.

2.  Work and Labor—Care and Nursing—Express Contract.—Where the plaintiff declares upon an express contract and the issues are made up and the trial proceeds to a conclusion of the evidence for the plaintiff, and the defendant enters a motion for a directed verdict in his favor on the ground that there is no evidence to support the express contract, and the plaintiff moves the court to allow him to file an amended petition, such motion should be sustained only upon reasonable terms; and if such amended petition be filed declaring upon an implied contract and both parties to the cause and their counsel proceed with the trial under the belief that the affirmative averments of the amended answer have been controverted and they so treat the said amended pleadings until after verdict, the judgment entered upon the verdict will not be disturbed.

K. S. ALCORN for appellant.

J. S OWSLEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

Hall Anderson, a man about seventy-five years of age and residing upon a farm in Lincoln county, employed appellee, Annie Pendleton, then Annie Warner, as a housekeeper and domestic, agreeing to pay her a named sum per week and to give to her and her eight-year-old son board and lodging.  Anderson had no family, but his brother John Anderson lived with him part of the time.  About the first of February, 1920, Hall Anderson took sick and on the 19th of that month departed this life.  Before that time he had been in good health, considering his age.  Occasionally he was confined to his bed for a few hours or a day.  The last two or three weeks of his life he was in bed nearly all of the time, and died of pneumonia.  In his last sickness his brother, John Anderson, and other persons nursed him. The appellee, Mrs. Pendleton, aided and assisted in this work.  She gave him all his medicine.

This suit is brought by Mrs. Pendleton against the estate of Anderson to recover $812.00, which she alleges was due her upon an express contract made with Anderson whereby he was to pay her reasonably for her serv-

ices in nursing and caring for him, she claiming she performed such services for him for two years next before his death which said services were reasonably worth the amount for which she sued. The administrator controverted her claim and averred that Anderson did not require nursing or other attention at any time during her employment except for the last two or three weeks immediately before his death. She admits she was employed at so much per week to do the cooking, house work and washing, and was to receive in addition to her money compensation her board and board and room for her son. She was required to do all the work about the house, including the cooking and house cleaning and washing. It was for these services that she now claims. The jury awarded her $512.00, and the administrator appeals.

At the conclusion of the evidence for the plaintiff the administrator moved the court to direct the jury to find and return a verdict for the estate of Anderson upon the ground that there was no evidence whatever proving an express contract. While this motion was pending and before it was acted upon, appellee prepared and tendered an amended petition declaring upon an implied contract to pay for the said services. To the filing of this amended petition appellant objected and his objection being overruled he excepted. In the rush of the trial certain affirmative averments of the pleadings were controverted of record, but it appears that the averments of the amended petition were not by oversight included within this agreed order. In allowing amendments to pleadings the trial court has a broad discretion. It may in any case, where the ends of justice require it, allow a pleading to be amended at any time before submission. In this case the court should not have allowed appellee to file an amended petition setting up an implied promise to pay for services without her agreement that such averments might be controverted of record, if appellant desired to so controvert them. The pleading having been filed and the parties, or both of them, having under mistake of facts treated it during the trial as controverted, will not now, under the circumstances, be heard to say that it was not controverted and thus gain an unwarranted advantage through mistake of facts under which both were laboring.

As appellant's motion for a directed verdict was entered after appellant had closed her evidence in chief and before the amended petition was offered, it should have been sustained because there was no competent evidence tending to establish the averments of plaintiff's petition that she had entered into an express contract with the deceased whereby he was to pay her for her services in nursing and caring for him. The evidence did show, however, that she had engaged herself to work for Anderson at a stipulated sum per week, and other considerations, and the services which she performed presumably came within such employment. After appellant's motion for a directed verdict was overruled and the amended petition was filed, declaring upon an implied promise to pay for the services, appellant introduced a great deal of evidence by disinterested persons tending to show that appellee, Mrs. Pendleton, did not perform any services for Anderson other than such as might reasonably have come within the employment which she admits she undertook to perform for her weekly wages. While she claimed and undertook to prove, though with but slight success, that Anderson was seriously afflicted in his bowels and kidneys for months before his death and that she rendered very unusual and burdensome services in taking care of and cleaning after him, the evidence for appellee, including deceased's physician and other persons closely associated with him, clearly shows the contrary. While there may have been sufficient evidence to have carried the case to the jury, the great weight of the evidence was against appellee, Mrs. Pendleton. Indeed the verdict appears to be flagrantly against the weight of the evidence.

The instructions are erroneous in that they did not clearly present the principal contention of appellant that the services rendered by appellee were such as she engaged herself to perform for her weekly wage. If there be another trial this phase of the case, if submitted to a jury, should be under more definite instructions.

For the reasons indicated the judgment must be reversed for proceedings consistent with this opinion.

Judgment reversed.